WILLIAM GAMBARDELLA, ADMINISTRATOR
(ESTATE OF HELEN FINGON) *v.* STEPHEN
FELDMAN ET AL.
(SC 18405)

Rogers, C. J., and Norcott, Katz, Palmer, Zarella and McLachlan, Js.

Argued December 8, 2009—officially released January 19, 2010

*Laurel Fedor,* for the appellant (plaintiff).

*Maria Cahill,* for the appellees (defendants).

*Opinion*

PER CURIAM. In this personal injury action, the plaintiff,[1] William Gambardella, sought to recover damages for injuries sustained by Helen Fingon in an automobile accident. Fingon later died from causes unrelated to the accident. The plaintiff claimed that the

---

[1] Margaret Siligato, an administratrix for Helen Fingon's estate, originally filed this action. Thereafter, William Gambardella was appointed as the temporary administrator of Fingon's estate and, accordingly, was substituted as the plaintiff. All references herein to the plaintiff are to Gambardella.

accident was caused by the negligence of the named defendant, Stephen Feldman.[2] Following a jury trial, a verdict was returned in favor of the plaintiff, awarding him economic damages in the amount of $1188 and zero noneconomic damages. The plaintiff filed motions to set aside the verdict, for additur and for a new trial, claiming, inter alia, that the jury's award of zero noneconomic damages was inconsistent with the evidence presented at trial. The trial court denied the plaintiff's motions, finding that the jury's award was reasonable in light of the facts of the case. This appeal followed.[3]

The plaintiff raises three claims on appeal. He claims that the trial court improperly: (1) denied the aforementioned motions because the jury's award was inconsistent with the evidence; (2) relied in part, when denying the motions, on the fact that Fingon since had died of causes unrelated to the accident; and (3) excluded certain evidence because it was admissible pursuant to the dead man's statute, General Statutes § 52-172.[4] We disagree with each of the plaintiff's claims.

In short, we have reviewed the evidence and the parties' arguments and conclude that, in light of the

[2] The plaintiff also named Ann Sullivan, the driver of the vehicle in which the plaintiff was a passenger, as a defendant and raised claims of negligence against her. The trial court granted Sullivan's motion for a directed verdict, and the plaintiff has not appealed from that ruling. Consequently, Feldman is the only defendant remaining in this appeal.

[3] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[4] General Statutes § 52-172 provides: "In actions by or against the representatives of deceased persons, and by or against the beneficiaries of any life or accident insurance policy insuring a person who is deceased at the time of the trial, the entries, memoranda and declarations of the deceased, relevant to the matter in issue, may be received as evidence. In actions by or against the representatives of deceased persons, in which any trustee or receiver is an adverse party, the testimony of the deceased, relevant to the matter in issue, given at his examination, upon the application of such trustee or receiver, shall be received in evidence."

particular circumstances of this case, the jury reasonably could have found as it did. Consequently, the trial court's refusal to disturb the verdict was not an abuse of discretion. See *Wichers* v. *Hatch*, 252 Conn. 174, 188–89, 745 A.2d 789 (2000). Moreover, the plaintiff has not shown that the trial court, in ruling on the plaintiff's motions, relied on any improper considerations. Finally, although the evidence that the plaintiff sought to introduce generally was admissible pursuant to § 52-172, the trial court acted within its discretion in excluding it as a sanction because of the plaintiff's failure to comply with the expert witness disclosure requirements of Practice Book § 13-4 and to respond to other discovery requests.[5] See Practice Book § 13-14 (a) and (b) (4).

The judgment is affirmed.

---

[5] The plaintiff has not argued that the trial court's rulings, in this regard, were improper, but only that the evidence was admissible pursuant to § 52-172.